# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE MARESCA | No. 3:18-cv-1146 (SRU) |
| TERRY DONOVAN,<br>    Appellant-Creditor,<br><br>v.<br><br>MELISSA A. MARESCA,<br>    Appellee-Debtor. | |

## RULING ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT

Appellant-Creditor Terry Donovan ("Donovan"), appeals the June 28, 2018 order of the United States Bankruptcy Court for the District of Connecticut, granting the Appellee-Debtor Melissa A. Maresca's ("Maresca") motion to void liens that were placed against residential property where Maresca's dependent child ("Child") resides.

For the reasons set forth below, the Bankruptcy Court's order is **affirmed**.

**I.    Background**

Maresca filed a Chapter 7 petition on May 12, 2016. *See* Bankruptcy Court's Mem. of Decision (Doc. No. 9-2) at 1. On November 4, 2017, Maresca filed a motion to void the judicial liens of Donovan, Maresca's former attorney, and another creditor arguing that she was entitled to the federal homestead exemption to real property located at 33 Laurel Road in Essex, Connecticut ("the Property") pursuant to 11 U.S.C. § 522(f). *Id.* Although Maresca does not reside at the Property, her Child stays there when he visits his father. *Id.* Maresca and her-ex-husband have joint custody of the Child. *Id.* at 3.

Maresca and her ex-husband jointly purchased the Property in 2005. *Id.* Maresca's ex-husband was the original borrower on the mortgage loan, and he and Maresca both executed the

mortgage. *Id*. At a later date, a second mortgage was recorded against the Property. *Id*. As of the Petition Date, the total mortgage debt recorded was approximately $525,899.26, with Maresca owning at least a half interest in the Property. *Id*. at 3, 10 n.6.

In 2011, Maresca and her ex-husband initiated a divorce action and Maresca retained Donovan as her attorney. *Id.* at 3. The action resulted in a divorce decree in 2013. *Id.* As of the Petition Date, the Child was a minor and a dependent of Maresca. *Id.* The divorce decree awarded "joint legal custody" to Maresca and to her ex-husband, with the Child's "primary residence" to be with Maresca. *Id.* at 3–4. The divorce decree noted that the Property would be sold after final entry of the divorce decree, but the parties agreed to modify the decree to delay the sale of the Property. *Id.* at 4.

Prior to the Petition Date, Donovan obtained a state court judgment against Maresca for unpaid legal fees in relation to her representation in the divorce action in the amount of $70,943.00. *Id*. As a result, a judgment lien was placed on the Property. *See* Donovan's Mem. in Supp. of Mot. to Reverse (Doc. No. 9-1) at 4. As of the Petition Date, the ex-husband resided at the Property and Maresca resided in a rental apartment in another town. Bankruptcy Court's Mem. of Decision at 4. In addition, the Child spends time with both parents and attends school in the town where the Property is located. *Id.*

On June 28, 2018, the Bankruptcy Court granted Maresca's motion to claim an exemption on the Property pursuant to 11 U.S.C. § 522 (f). *Id*. at 9. Donovan filed a notice of appeal in this court on July 11, 2018. *See* Doc. No. 1. On August 2, 2018, Donovan filed a motion for leave to appeal (doc. no. 6), which was granted on March 18, 2019. *See* Doc. No. 10.

## II.     Standard of Review

Under 28 U.S.C. § 158(a)(1), federal district courts enjoy jurisdiction to hear appeals of final judgments, orders, and decrees of bankruptcy judges, including orders approving

bankruptcy settlement agreements. *Debenedictis v. Truesdell (In re Global Vision Products, Inc.)* 2009 WL 2170253, at *2 (S.D.N.Y. July 14, 2009). On appeal, a district court will review a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *In re Flanagan*, 415 B.R. 29, 38 (D. Conn. 2009).

### III. Discussion

The question presented on appeal is whether the Bankruptcy Court erred in holding that, under 11 U.S.C. § 522 (d)(1), Maresca may utilize the federal homestead exemption to void liens placed against real property where her dependent child resides.

"Under the Bankruptcy Code, 11 U.S.C. § 522(b), a debtor is permitted to choose between the scheme of federal exemptions prescribed in section 522(d) of the Code or the exemptions available under other nonbankruptcy federal law and the law of the state in which the debtor is domiciled." *Gernat v. Belford*, 192 B.R. 601, 602 n.1 (D. Conn.), *aff'd sub nom. In re Gernat*, 98 F.3d 729 (2d Cir. 1996). "While a majority of states have enacted legislation prohibiting debtors from electing section 522(d) exemptions, Connecticut has not. Thus, in these cases on appeal, the Debtors had the option of taking advantage of the exemptions under section 522(d) or the state-law exemptions." *Id*.

Section 522(d)(1) of the Bankruptcy Code provides, in relevant part, that a debtor may claim an exemption in "[t]he debtor's aggregate interest, not to exceed $15,000 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence . . . ." 11 U.S.C. § 522(d)(1) (footnote omitted). Additionally, a debtor may "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is [] a judicial lien." *Id.* at § 522(f)(1)(A). Alternatively, under Connecticut state law a debtor may apply for an exemption up to $75,000 of value in a debtor's "homestead," which is defined as "owner-occupied real

property, co-op[,] or mobile manufactured home." *See* Conn. Gen. Stat. § 52-352a.

In this case, Maresca has elected to use the federal exemption scheme. The term "residence," however, is not defined in the Bankruptcy Code. As noted by the parties, there is a split among courts regarding whether the federal exemption applies only to the primary residence of a debtor (known as the majority "state law" approach) or whether the debtor may claim an exemption on property that the debtor owns or that the debtor's dependent uses as a residence (known as the minority "plain meaning" approach).

Donovan requests that I adopt the majority "state law" approach. *See* Donovan's Mem. in Supp. of Mot. to Reverse at 8. Courts adopting the "state law" approach define "residence" as the debtor's "principal residence" or "homestead." *Id*. In her motion, Donovan contends that "there is, by far, a more developed body of case law applying the settled state court's reading of the term 'homestead' as a means to interpret 'residence.'" *Id*. at 9. For that proposition, Donovan primarily relies on *In re Stoner*, 487 B.R. 410, 419–20 (D.N.J. 2013), where the court reviewed the legislative history of Section 522 (d)(1) and held that a debtor's "residence" should be defined as "homestead" for the purposes of the federal exemptions.

> According to [Congressional] reports, the historical purpose of exemption laws was to "protect a debtor from his creditors" and to "provide him with the basic necessities of life". . . . Thus, § 522(d)(1) is rooted in state law and is based upon the underlying premise that a debtor be afforded an exemption in his home. It is therefore consistent with the legislative history of § 522(d)(1) that this Court likens the term "residence" in § 522(d)(1) to a "home" or "homestead" and interprets the definition of the term "residence" within § 522(d)(1) as requiring more than mere occasional or temporary occupancy.

*Id*. at 420. Thus, Donovan contends, "it is clear that Congress intended § 522(d)(1) to provide debtors with a homestead exemption," rather than any additional relief. Donovan's Mem. in Supp. of Mot. to Reverse at 12. Because the Property at issue is neither the "homestead" of Maresca nor the Child, Donovan asserts that the federal exemption should not apply.

In response, Maresca argues that under the minority "plain meaning" approach, a "property need only be a residence of the dependent child" to qualify for the federal exemption. Maresca Mem. in Supp. of Mot. to Affirm (Doc. No. 14) at 5. Maresca notes that the "plain meaning" approach is "consistent with other provisions of the Bankruptcy Code." *Id.* Because the term "principal residence" is used in several other provisions of the Bankruptcy Code (*see e.g*, §§ 101(13A), 1123(b)(5) and 1322(b)(2)), had Congress intended to limit the federal exemption to a debtor's "primary" or "principal" residence, it would have done so. *Id.* "Where Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Id.* (citing *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993)).

Maresca also relies on the court's decision in *In re Fink*, 417 B.R. 786, 789 (Bankr. E.D. Wisc. 2009), where the court adopted the "plain meaning" approach and held that the federal exemption applied to real property where the debtor's dependent, and not the debtor, resides.

> It is undisputed that two of the debtor's children are still minors and continue to reside in the subject property, and he pays child support, thus making them his dependents. The trial court also awarded him dependency tax exemptions on all of the children. Thus, for federal homestead exemption purposes, the residency requirement is met

*Id.* at 789–90 (internal citation omitted).

In her decision, Judge Nevins endorsed the "plain meaning" approach, holding that the federal statute "clearly provides that a debtor may claim an exemption in real property that a dependent of the debtor uses as a residence." Bankruptcy Court's Mem. of Decision at 8 (internal quotations omitted). In contrast, Connecticut law, "is simply silent on the right of a debtor to claim as exempt as interest in property that a *dependent, but not a debtor*, uses as a residence . . . . That type of exemption (in a dependent's residence) is simply different from what Connecticut homestead exemption law contemplates." *Id.* at 9 (internal citation omitted). After

reviewing the record, the I agree with Judge Nevins.

Connecticut courts recognize a distinction between the state exemption scheme, and the federal exemptions provided in Section 522, noting that the state scheme requires the debtor to own and occupy the property at issue. *See, e.g., Phillips v. Phillips*, 2004 WL 503905, at *3 (Conn. Super. Ct. Feb. 25, 2004). "The Connecticut homestead exemption, *unlike its federal counterpart*, requires that the owner occupy the property and that it be the 'primary residence" of the exemptioner." *Id*. (emphasis added) (footnote omitted); *Gernat*, 192 B.R. at 602 n.1 (noting that a debtor in Connecticut "must select [the state] or [the federal] set of exemptions; he or she cannot choose some from each.").

Bankruptcy courts within this district have also applied the federal exemption to real property jointly owned by the debtor and the debtor's spouse. For example, in *Matter of Holyst*, 19 B.R. 14, 15 (Bankr. D. Conn. 1982), the court held that the debtor could use the federal exemption for real property that he jointly owned with his wife. "While the debtor's schedules do not list the property as jointly owned with his wife, the parties have treated it as such. Accordingly, this opinion will assume that the debtor has a one-half interest in the property." *Id.* at n.2.

In addition, the court in *In re Reed*, 331 B.R. 44, 46 (Bankr. D. Conn. 2005), applied the federal exemption to real property that the debtor owned but did not occupy as his primary residence. "The matter before the court is a Chapter 7 trustee's 'Objection to Debtor's Claim of Exemption' . . . involving the debtor's asserted homestead exemption in realty in which he did not live." *Id*. at 45 (internal citation omitted). After considering the trustee's objection that the "real estate is not the principal residence of the debtor" and that the debtor failed to disclose a property settlement with his ex-wife, the court held that there was "not a basis to deny the debtor

his claimed exemption." *Id*. at 46 (internal citations omitted).

Applying the "plain meaning" approach to this case, the Property qualifies for the federal exemption set forth in Section 522. There is no dispute that Maresca owns at least a half interest in the Property as of the Petition Date. Bankruptcy Court's Mem. of Decision at 10 n.6. Although Donovan argues that the Child only "frequently visits" the Property and does not reside there, the Child attends school in the district where the Property is located and regularly occupies the Property. *See* Donovan's Mem. in Supp. of Mot. to Reverse at 13; Bankruptcy Court's Mem. of Decision at 8.

Therefore, I conclude that the Bankruptcy Court did not err in its decision.

**IV.  Conclusion**

For the reasons set forth above, the bankruptcy court's order is **affirmed**. The clerk is instructed to close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 30th day of September 2019.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge
